United States District Court
Southern District of Texas
**ENTERED**
December 10, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| State of Texas § § § | |
| v. § § | Civil Action No. 4:25-cv-05371 |
| Erik Salvador Garcia § § § § | |

## MEMORANDUM AND RECOMMENDATION

On November 10, 2025, Defendant Erik Salvador Garcia filed a notice of removal from a state criminal case where he was convicted of a misdemeanor speeding offense. *See* Dkt. 1; Dkt. 1-1 at 13 (copy of citation). Consistent with the Court's duty to examine its jurisdiction, and pursuant to its obligation to promptly examine notices of removal of criminal prosecutions, 28 U.S.C. § 1455(b)(4), it is recommended that this case be remanded to state court.

### Background

On August 15, 2023, Garcia was cited for speeding. Dkt. 1-1 at 25. He was convicted on December 6, 2023, in the Municipal Court of Pasadena, Texas. *Id.* at 17-18. Nearly two years later, and long after the deadline for appeal had expired, Garcia sent to the Municipal Court a "motion to set aside" the state-court judgment, claiming that the court "lacked lawful authority over [his] person and property" and that his not-guilty plea was entered despite his

objection. *See* Dkt. 1-1 at 4-5 (October 8, 2025 submission). The Municipal Court did not take any action on that motion. Garcia then purported to remove the case to this Court, invoking federal question jurisdiction. *See* Dkt. 1 (filed November 10, 2025).

## Analysis

Because the underlying proceeding is a criminal prosecution, the governing statute requires this Court to "examine the notice [of removal] promptly" and order a summary remand "[i]f it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted ...." 28 U.S.C. § 1455(b)(4). That is case here.

Garcia's notice of removal invokes "federal question jurisdiction," asserting that the proceedings below violated his due-process and Sixth Amendment rights. Dkt. 1 at 1. But this is a *criminal* action, not a "civil action[] arising under the Constitution, laws, or treaties of the United States" over which this Court can exercise federal question jurisdiction. *See* 28 U.S.C. § 1331. And even in civil actions, federal question jurisdiction looks solely to the *plaintiff*'s claims, without regard to the defendant's defenses or counterclaims. *See Bernhard v. Whitney Nat'l Bank*, 523 F.3d 546, 551 (5th Cir. 2008) ("[A] federal court has original or removal jurisdiction only if a federal question appears on the face of the plaintiff's well-pleaded complaint ...."); *see also Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S.

2

826, 831 (2002) ("[A] counterclaim—which appears as part of the defendant's answer, not as part of the plaintiff's complaint—cannot serve as the basis for 'arising under' jurisdiction."); *Merrell Dow Pharms., Inc. v. Thompson*, 478 U.S. 804, 808 (1986) ("A defense that raises a federal question is inadequate to confer federal jurisdiction."). The State of Texas charged Garcia with speeding, which is a purely state law offense. There is no federal question jurisdiction.

The undersigned has also considered other potential avenues for removal and determined—pursuant to its duty to do so promptly, 28 U.S.C. § 1455(b)(4)—that this case does not fit within the limited instances where a criminal prosecution can be removed. Procedurally, the deadline for removal lapsed years ago, as Garcia has already been convicted. *See id.* § 1455(b)(1) (deadline for removal is "30 days after the arraignment ... or at any time before trial, whichever is earlier"). And regardless of timing, this is not the type of prosecution that can be removed.

The case was not brought against the United States, a federal agency, or a federal officer, does not involve a property holder whose title derives from a federal officer, and involves no other circumstance specified in 28 U.S.C. § 1442. The only other avenue for removal is reserved for criminal prosecutions either:

> (1) [a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the

> equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof; [or]
>
> (2) [f]or any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

*Id.* § 1443. The Supreme Court has specified two requirements to remove under Section 1443(1): (1) "the right allegedly denied the removal petitioner" must "arise[] under a federal law 'providing for specific civil rights stated in terms of racial equality,'" and not "constitutional or statutory provisions of general applicability"; and (2) it must be shown that the relevant federal right cannot be enforced in the state court, which "normally requires that the 'denial be manifest in a formal expression of state law,' such as a state legislative or constitutional provision, 'rather than a denial first made manifest in the trial of the case.'" *Johnson v. Mississippi*, 421 U.S. 213, 219-20 (1975) (quoting *Georgia v. Rachel*, 384 U.S. 780, 792, 799, 803 (1966)).

Garcia's notice of removal fails to meet either § 1443(1) or (2). Regarding Section 1443(1), Garcia has not alleged that the prosecution violates any federal right safeguarding racial equality, nor that a specific Texas law denies him any such race-based right. To the contrary, he merely invokes due-process and other rights that apply to all criminal defendants. *See* Dkt. 1-1 at 35-36 (alleging that his Fifth, Sixth, and Fourteenth Amendment rights were violated because he was not provided adequate notice or a hearing, he was

4

forced to sign the citation "under threat of arrest," that his defenses were restricted by the State, and that the court entered a not guilty plea on his behalf "without conducting a lawful arraignment"); *Cnty. of Yazoo, Miss. v. Prewitt*, 2023 WL 7381440, at *1-2 (5th Cir. Nov. 7, 2023) (per curiam) (affirming summary remand of speeding-ticket case that did not satisfy 28 U.S.C. § 1443(1), including because the statutes that defendant invoked were not "stated in terms of racial equality") (quotation omitted).

Nor does Section 1443(2) apply. That provision is "available only to federal officers and to persons assisting such officers in the performance of their duties." *City of Greenwood v. Peacock*, 384 U.S. 808, 815 (1966).

Accordingly, there is no basis for federal question jurisdiction. And because "it clearly appears on the face of the notice and exhibits annexed thereto that removal should not be permitted," this case should summarily be remanded to state court. *See* 28 U.S.C. § 1455(b)(4).

### Recommendation and Order

For the foregoing reasons, Plaintiff Erik Salvador Garcia's claims should be **REMANDED** to the Municipal Court of the City of Pasadena.

It is **ORDERED** that the February 27, 2026 initial conference (Dkt. 4) is hereby **CANCELED**.

**The parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed.**

**R. Civ. P. 72(b). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.** *Ortiz v. City of San Antonio Fire Dep't*, **806 F.3d 822, 825 (5th Cir. 2015).**

Signed on December 10, 2025, at Houston, Texas.

_____
Yvonne Y. Ho
United States Magistrate Judge